Kevin Joyce, Plaintiff *v.* Robert A. Guenther, Colonel, Chief of Staff, Department of Military Affairs, Adjutant General's Office, Annville, Pennsylvania and Harry J. Mier, Major General, Department of Millitary Affairs, Adjutant General's Office, Annville, Pennsylvania, and Capt. Moesner, Captain, Doylestown Armory, Doylestown, Pa., Defendants.

Argued December 1, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Robert A. Solomon,* for plaintiff.

*Robert J. Dixon,* Deputy Attorney General, for defendants.

OPINION BY JUDGE KRAMER, February 9, 1976:

This matter comes within the original jurisdiction of this Court and involves a complaint in equity filed by Kevin Joyce against Robert A. Guenther, Colonel, Chief of Staff, Department of Military Affairs, Adjutant General's Office; Harry J. Mier, Major General, Department of Military Affairs, Adjutant General's Office; and Captain Moesner (Defendants), all officers in the Pennsylvania National Guard. Joyce is seeking an injunction directing the Defendants to discharge him from their "custody and the custody of the Pennsylvania National Guard." Joyce alleges that at the time he signed his enlistment contract and was sworn into the National Guard, he was "intoxicated to the point where he did not know what he was doing or understand the nature of his actions, including the signing of various papers." Although Joyce requested a preliminary injunction as well as a permanent injunction, it was stipulated between the parties that Joyce would not be ordered into active service pending final disposition of this case, and, therefore, the matter proceeded to hearing on the request for a permanent injunction.

Based upon a record made, and after argument, we make the following findings of fact:

1. In early November of 1973, the Pennsylvania National Guard established a recruiting booth at the Bucks County Community College at which Joyce voluntarily sought information concerning his joining the Pennsylvania National Guard.

2. In accord with an appointment voluntarily made by Joyce, members of the Guard on November 10, 1973, drove to Joyce's residence in Levittown, Pennsylvania, and conveyed him to Doylestown for the purpose of his taking an entrance examination and receiving certain required X-rays.

3. On November 12, 1973, in accord with an appointment, Joyce voluntarily appeared at the National Guard Armory in Doylestown for the purpose of a required physical examination and induction into the Pennsylvania National Guard.

4. After arriving at the Armory between 7:00 o'clock and 7:30 P.M., Joyce was driven to the Norristown Armory (less than an hour's driving time away), where he was given a physical by a physician of the Guard, which he successfully passed.

5. After all of the necessary forms were completed, and signed by Joyce, he was sworn into the National Guard by an officer at the Norristown Armory and thereafter returned to the Armory in Doylestown.

6. Upon arriving at the Doylestown Armory, an officer noticed some discrepancies in the forms, and new forms were completed which Joyce signed. Joyce was resworn into the Pennsylvania National Guard at about 11:00 P.M. on November 12, 1973.

7. On November 13, 1973, Joyce again appeared at the National Guard Armory in Doylestown with a friend who was seeking information concerning the joining of the Guard. At no time during this occasion did Joyce protest his enlistment in the National Guard.

8. Joyce was originally scheduled to enter into active duty in the National Guard in February of 1974, but Joyce contacted officers of the Guard and received a deferment until June of 1974, which was the end of the semester at Bucks County Community College where he was a student.

9. Joyce did not protest his recruitment or induction into the Guard until the complaint in this matter was filed on July 15, 1974.

10. After having heard all of the testimony and having reviewed all of the evidence, the undersigned chancellor specifically finds that at all times pertinent to this case Joyce was not intoxicated.

## DISCUSSION

Section 825 of the Act of May 27, 1949, P.L. 1903, *as amended,* 51 P.S. §1-825, reads in pertinent part:

"Every enlisted man shall meet all of the qualifications prescribed by the laws of the United States and the rules and regulations promulgated thereunder."

Federal law provides that no person who is intoxicated may be enlisted in any armed force. *See* 10 U.S.C.A. §504.

Both parties agree that the only issue before this Court is a question of fact, *i.e.,* whether Kevin Joyce was intoxicated at the time he enlisted and was inducted into the Pennsylvania National Guard. Joyce presented evidence and testimony of two persons to the effect that at or about the time he was inducted on November 12, 1973, he was intoxicated. The Guard presented evidence and testimony of commissioned and noncommissioned officers of the Guard to the effect that Joyce was not intoxicated at any time during the recruitment, testing, signing of papers, or the swearing-in ceremony. It is the chancellor's duty to resolve conflicts in testimony and, in accord with that duty, the chancellor has found that Joyce was not intoxicated when he enlisted and was inducted.

## CONCLUSION

1. The Court having found that Kevin Joyce was not intoxicated at the time of his enlistment and induction into the Pennsylvania National Guard, it is concluded that he was properly inducted, and therefore subject to call for service as provided by law. We therefore

## ORDER

AND NOW, this 9th day of February, 1976, upon consideration of the pleadings filed, and after hearing and argument, it is ordered that the prayer of Kevin Joyce for a preliminary and permanent injunction against Robert A. Guenther, Colonel, Chief of Staff, Department

of Military Affairs, Adjutant General's Office, Harry J. Mier, Major General, Department of Military Affairs, Adjutant General's Office, and Captain Moesner, is hereby denied, and the complaint is hereby dismissed. This order shall be deemed a final order of Court unless exceptions are filed within thirty (30) days of the date hereof.